REEVES v. STATE.

(Division B. Feb. 9, 1931.)

[132 So. 332. No. 29067.]

Jas. A. Wiltshire, of Magnolia, for appellant.

Edwin R. Holmes, Jr., Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Luther Reeves, was indicted and convicted of an assault with intent to rape one Mrs. Odel Lewis. The prosecuting witness testified in substance as follows:

That she was going to her home in Walthall county from a visit to relatives in Louisiana, and had arrived in McComb City in the afternoon of July 3d about 5:30 o'clock, and was seeking a hotel to spend the night, and that on the way there she met the appellant, Reeves, and asked him as to the hotel, and that he made some inquiry from her as to where she was going. That she told him she was going to Tylertown, and he stated that he was a taxi man, and would like to have the work of carrying her to Tylertown, and that he would carry her right on out to Tylertown that night. That she consented to this, and they started on the journey. When a short distance out from McComb City, there was some tire trouble, and the appellant got out and fixed the tire, which took him until almost nightfall. That as they approached Walkers' bridge between McComb and Tylertown the appellant asked the prosecuting witness if she did not want to go in bathing, and she told him she did not have any bathing suit. That the appellant then asked her if she did not want to have a good time, and she told him she did not do anything like that, that she was a married lady and did not do that. That, when they approached the hill beyond Walkers' bridge, he stated that his engine was hot, and got out and procured some water, which he put in the radiator, and then started to the side of the car in which she was sitting, and some one passed them, and he then got in the car on the other side, asking her what she was doing with the car door open, to which she replied that it had just come open. He told her to keep it shut. Then he told her if she would hug and kiss him she would not have to pay for the trip, and then made indecent proposals to her, and she began to fuss at him and tell him not to act that way. That he then told her he was going to have it anyway, and grabbed her around the waist and pulled her over on him, and told her he was going to have it or die, and she fought him back until she got away from him, and then jumped out of the car, falling on the

gravel road, and got up and ran, going to a negro's house just off the road, and they took her then to a white person's residence near by, where a justice of the peace was sent for and papers made out. She was carried to a hospital in Tylertown, and the doctor who attended her said she was in a highly nervous condition and threatened with a miscarriage; she being at the time pregnant. After she left the car, the appellant drove back to the house which they had passed, and asked the man there if he had seen a lady, and stated that he had a lady with him and that she had some kind of spells. He then asked the man in the house to help him hunt for the prosecuting witness, but did not tell him her name. The man declined to go with him, and he then took Mrs. Lewis' suitcase out of the car and gave it to the man, and asked him to give it to her if he saw her. Appellant then left, going to McComb, and was afterward arrested.

The appellant himself did not testify, but introduced several witnesses who testified that they had known him for some time, and that his reputation in the communities in which he had lived for peace was good.

The appellant was convicted and sentenced to five years in the penitentiary.

His first assignment of error is that the verdict of the jury is contrary to the law and evidence, as the evidence is not sufficient to maintain a verdict of guilt. We think there is ample evidence to show guilt from which the jury could reasonably believe that the assault was with the intent to ravish.

It must be remembered that the defendant did not testify, and did not undertake to explain or contradict, in any manner, the testimony of the prosecuting witness.

While it is the right and privilege of a defendant to refrain from taking the witness stand, and no presumption is to be indulged against him for exercising that right, still the testimony, when such is the case, of an adverse witness, may be given full effect by the jury, and

the jury are likely to do so where it is undisputed and the defendant has refused to explain or deny.

It is also assigned for error that the testimony of the prosecuting witness was not corroborated by any other evidence. Corroboration in this class of offense is not required, as was held in Monroe v. State, 71 Miss. 196, 13 So. 884, and numerous cases since that time.

It is also assigned for error that the court erred in refusing the instruction marked "refused," which was requested by the defendant. Apart from the instruction itself, the court had given ample instructions to cover the law of the case. The court refused the instruction on the ground that, because of the selection and arrangement of the words in the instruction, it was misleading and confusing. Without setting out the instruction, we think it was not error to refuse it.

The judgment of the circuit court will therefore be affirmed.

Affirmed.