497 So.2d 67 (1986)
Sherman McGILVERY
v.
STATE of Mississippi.
No. 55777.
Supreme Court of Mississippi.
March 26, 1986.
Rehearing Denied November 12, 1986.
Thomas E. Schwartz, Dan R. Wise, Wise & Schwartz, Hattiesburg, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
HAWKINS, Justice, for the Court:
Sherman McGilvery appeals his conviction in the circuit court of Forrest County for the crime of armed robbery and sentence to serve 45 years. We affirm his conviction, but remand the case to the circuit court for another review of an appropriate sentence.
We will discuss the assignments of error in the course of the opinion.

FACTS
The grand jury of Forrest County indicted McGilvery and Fitzgerald Tanner for the armed robbery of Agnes Lawrence on May 10, 1983, and the taking from her of $220 belonging to Greentree Enterprises, a convenience store corporation.
Lawrence worked the 11:00 p.m.-7:00 a.m. shift in Greentree Store No. 1 in Hattiesburg. She worked alone. Around 2:30 on the morning of May 10 two black males came into the store. They meandered in the store and aroused her suspicion. After they tarried for a long time, Lawrence saw one behind the counter at the cash register. She was grabbed by the other, and a revolver was placed in her back. Following threats she told them how to get all the money on hand. They then took her to the back of the store, told her to stay there, and fled. After a short interval, being cautiously satisfied they had gone, Lawrence telephoned the police. As a witness Lawrence was not called upon to identify either of the robbers. A subsequent audit revealed the robbers had taken approximately $220 in cash.
*68 At trial Lawrence was able to identify the money bag the robbers had taken from a handwritten slip inside, which was in the handwriting of a fellow employee. Lawrence also identified a carton of cigarettes as containing the stamp of Greentree stores, and a bottle of Brut brand cologne as a type sold in her store, the cigarettes and cologne being shelved behind the counter.
Several police officers in squad cars immediately converged upon the area and began searching for the suspects, whom they believed had fled on foot. Two men were observed by officer Marty Cooper crossing a railroad track and road towards the Pine-view Apartment complex, which he reported on the radio. Sergeant John Smith located Tanner in one of the apartments and called for assistance. Officer Harold Street responded, and Tanner was taken into custody. The Greentree money bag, subsequently identified by Lawrence, was also found in the apartment.
Captain Charles Sherill of the police department was en route to the apartment complex when he heard Cooper's statement that the two men were headed towards the complex. He and Sergeant Smith arrived simultaneously at the apartment, and Smith told him on the radio that it appeared one of the men was walking around J building.
Sherill walked around to the back of the building and found McGilvery lying on the ground. As Sherill approached McGilvery, McGilvery jumped up and started walking off rapidly. Sherill told McGilvery he was a robbery suspect, and got close enough to grab McGilvery by the shirt. McGilvery pulled out of the shirt and ran, but was caught after a chase, and arrested. Sherill returned to the spot where he first noticed McGilvery lying down and found the bottle of Brut cologne and carton of cigarettes which were identified in court by Lawrence.
The money bag, and the items of merchandise were offered in evidence as state's exhibits over McGilvery's objection.
Mark Cameron was employed on the 10:00 p.m.-7:00 a.m. shift in another business in Hattiesburg. On his break he went to Greentree No. 1 around 2:30 a.m. and observed two black males whose behavior aroused his suspicion. He thought they might be engaged in shoplifting. He remained in the store for several minutes and got a good look at McGilvery. He positively identified McGilvery at a police line-up the next day, and in court as being one of the black males in the store when he was there.
Neither McGilvery nor any other witness testified in his defense.

LAW

Sufficiency of the Evidence
There is no merit to McGilvery's contention that the verdict was against the overwhelming weight of the evidence. An armed robbery was unquestionably committed. The fact that McGilvery was positively identified as being in the store shortly before the robbery at this early morning hour, that he was found lying on the ground behind the building into which the other robber fled, that he fled upon being discovered by Officer Sherill, that he refused to halt when informed he was a robbery suspect, that he resisted Officer Sherill's attempt to take him into custody, and that the merchandise of the kind sold in the store was found where he was lying down, all combined, clearly created a jury issue as to his guilt. McGilvery did not take the stand and offered no defense witnesses. As we stated in Rush v. State, 301 So.2d 297, 300 (Miss. 1974):
While it is the right and privilege of a defendant to refrain from taking the witness stand, and no presumption is to be indulged against him for exercising that right, still the testimony of the witnesses against him may be given full effect by the jury, and the jury is likely to do so where it is undisputed and the defendant has refused to explain or deny the accusations against him.
*69 See also: York v. State, 413 So.2d 1372, 1384 (Miss. 1982); Reeves v. State, 159 Miss. 498, 132 So. 331 (1931).
McGilvery also claims it was prejudicial error to admit the money bag into evidence, that it was not shown to have any connection with him. Prior to trial Tanner pleaded guilty.
The circuit judge had before him testimony as to the time of the robbery, that it was perpetrated by two black men, their fleeing, and being apprehended a short while thereafter at an apartment complex, one in the building and the other lying down behind the building. The bag was found in the apartment at the time Tanner was arrested. While perhaps not relevant as identifying McGilvery as one of the robbers, it was relevant to the proof that a robbery had in fact been committed by two men just shortly prior to finding the bag, and it was part and parcel of the events just following the crime and the circumstances of the arrest. See: Wilkins v. State, 264 So.2d 411, 413 (Miss. 1972).[1] There was no error committed in offering the bag into evidence under the facts of this case.
We are troubled by McGilvery's claim that his sentence is unduly harsh, when compared to Tanner's. Tanner, who McGilvery claims was the trigger-man, pled guilty, and only received a 25 year sentence. Unfortunately, the circuit judge gave no explanation as to his reason for imposing a 45-year sentence on McGilvery when Tanner received only 25 years. He may have had excellent reason to do so, but in view of there being a co-defendant also found guilty, the disparity of the sentence between the two mandated his doing so in this case. In Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983), Justice Robertson, speaking for this Court, stated:
We wish to emphasize the absolute nature of the right of a person charged with a crime to trial by jury. This right is secured to every citizen by the Sixth and Fourteenth Amendments to the Constitution of the United States. It is secured to every Mississippian by Article 3, Section 26 of the Mississippi Constitution of 1890. As a right, it is an entitlement of every individual which he or she may claim no matter how inconvenient society or its members or its courts may deem it.
It is absolutely impermissible that a trial judge imposing sentence enhance the sentence imposed because the defendant refused a plea bargain and put the state and the court to the trouble of trial by jury. Plea bargaining most assuredly is a valuable practice. See Bordenkircher v. Hayes, 434 U.S. 357, 361-362, 98 S.Ct. 663, 666-667, 54 L.Ed.2d 604, 609-610 (1978); Salter v. State, 387 So.2d 81, 83-84 (Miss. 1980). Both the prosecution and the defense  and the courts as well  have an interest in the continuance of that practice. As in civil matters, not infrequently the prosecution and the defense can negotiate a more tolerable result than might be effected through plenary trial on the merits before a jury. Still, as important as these interests are, they may never justify penalizing one charged with a crime for claiming his absolute right to be tried by a fair and impartial jury of his peers.
We therefore must remand this case for a sentencing hearing by the circuit judge so that he can be given an opportunity to state for the record appropriate reasons for the disparity in the two sentences. If there are none, then McGilvery's sentence should be reduced. We must add that in making this remand we do not propose to instruct the circuit judge on a matter purely within his prerogative; it is just that the disparity of sentences in this case requires some justification.
There is no merit to the remaining assignments of error, and there is no need to discuss them.
AFFIRMED AND REMANDED FOR SENTENCING HEARING.
*70 PATTERSON, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, P.J., dissents.
NOTES
[1] For an example of an abuse by the state in tendering exhibits which are not connected to the defendant in the commission of a crime, see Weaver v. State, 481 So.2d 832 (1985).