# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KA-01001-SCT

*JASON FIELDS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/18/95 |
| TRIAL JUDGE: | HON. ROBERT LEWIS GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| | FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/7/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

Jason Fields appeals a September 18, 1995 order of the Hinds County Circuit Court, First Judicial District, denying his motion for reconsideration and re-sentencing. Seventeen year-old Fields entered a plea of guilty on charges of capital murder and armed robbery stemming from the April 3, 1994 shooting death of Dennis Walker. He was ordered to serve a life sentence on the capital murder charge and consecutive forty-five year terms on the three armed robbery charges. Finding that the circuit court did not abuse its discretion in not ordering a presentencing report, investigation or hearing and that Fields' sentence was not unconstitutionally disproportionate, we affirm the order of the circuit court.

## STATEMENT OF THE FACTS

Fields, along with Maurio Tyrone Hicks and Sherman Sampson, was indicted on August 10, 1994 by a grand jury of the Hinds County Circuit Court, First Judicial District, for the robbery and murder of Dennis Walker. They further were indicted on three counts of taking personal property by putting their victims in fear of immediate injury by exhibiting a deadly weapon.

As the result of plea negotiations, Hicks was sentenced to twenty years in the custody of the Mississippi Department of Corrections and the remaining charges against him were remanded to the files. Sampson received a twenty-year sentence for manslaughter, to be served concurrently with a ten-year sentence for strong arm robbery. The remaining charges against him likewise were remanded to the files pursuant to the plea negotiations.

Fields, from whose gun the fatal shots were fired, pled guilty to capital murder and three chargers of armed robbery as set forth in the indictment. As part of his plea agreement, the State did not seek the death penalty for the capital murder charge. At his August 17, 1995 sentencing hearing, the circuit court considered the charges against him stemming from Walker's April, 1994 murder, as well those arising from the October 9, 1994 death of Donald Strong, an inmate at the Hinds County Detention Center who died as the result of injuries sustained in a fight with Fields. Testimony about the circumstances surrounding Walker's death and the robbery of his three companions was presented by the surviving victims as well as by homicide detectives, Jim Jones and Ned Garner, at an April 20, 1995 motions hearing. At the sentencing hearing, Fields presented his version and indicated his remorse. Character witness Danny Holmes testified about Fields' religious conversion. Fields' attorney stated that a psychological evaluation had been made after the October, 1994 incident and proffered that Fields had been abused as a child, taken from his parents and raised in a series of foster homes. He further noted that Fields was well-acquainted with the juvenile court system and had spent time at Columbia and Oakley training schools as well as in a program in Vicksburg.

Fields was sentenced to life in prison on the capital murder charge and to three consecutive forty-five year sentences for the armed robbery charges. He filed a motion for reconsideration and re-sentencing on August 22, 1995, asserting that his sentence was disproportionate, cruel and unusual in comparison to those of his co-defendants. It is from the circuit court's September 18, 1995 order denying the motion that Fields now brings this appeal.

## ARGUMENTS AND DISCUSSION OF THE LAW

### I. WHETHER FIELDS SHOULD HAVE BEEN GRANTED A SENTENCING HEARING WITH A PRESENCE REPORT

Fields first asserts that the circuit court should have ordered a presentence report and held a presentencing hearing. At the hearing on his motion to reconsider the sentence as well as in his appeal, Fields asserts that Rule 5.13 of the former Uniform Criminal Rules of Circuit Court Practice, in effect at the time he entered his plea of guilty, mandates a presentence investigation. The State relies on former Rule 6.02 and current Rule 11.02 of the Uniform Rules of Circuit Court Practice in support of its argument that it is within the discretion of the circuit court to order a presentence investigation.

Former Rule 5.13, upon which Fields relies for his assertion that there *shall* be a presentence report and hearing, provides for bifurcated trials in felony cases.[1] It sets forth the procedure for "all

felonies in which the defendant *is not subject to receive the death penalty.*" (emphasis added) Fields, however, pled guilty to capital murder and three counts of armed robbery and thus, was subject to the death penalty. Rule 5.13, therefore, is not applicable.

There is, however, no right to a presentence investigation. ***Edwards v. State,*** 615 So. 2d 590, 598 (Miss. 1993); ***Roberson v. State,*** 595 So. 2d 1310, 1315 (Miss. 1992). Rather, presentence investigations are required only when requested by the trial court. ***Edwards,*** 615 So. 2d at 598; ***Roberson,*** 595 So. 2d at 1315; Miss. Code Ann. § 47-7-9(3)(a)(Supp. 1990). As the Court in ***Edwards*** stated, both the statute and Rule 6.02 of the former Uniform Criminal Rules of Circuit Court Practice, "clearly establish that the use of presentence investigations and reports is discretionary with the trial judge and is not mandatory." ***Id.*** at 598.

Former Rule 6.02 provided for presentence reports as follows:

> Upon acceptance of a plea of guilty, or upon a finding of guilt, and where the court has discretion as to the sentence to be imposed, the court *may* direct the presentence investigator to make a presentence investigation and report.

UCRCCP 6.02 (emphasis added). Rule 10.04 of the Uniform Circuit and County Court Rules, adopted effective May 1, 1995, which replaced Rule 5.13 in providing for bifurcated trials, further states in relevant part that:

> C. Upon conviction, or after a plea of guilty, in cases where the court has sentencing authority, there *may* be a hearing before the trial judge as follows:
>
> 1. A presentence investigation *may* be conducted and a report thereof shall be made as required for cases where the court has discretion in imposition of sentence.

URCCC Rule 10.04(C)(1)(emphasis added). Clearly, the Rules do, indeed, make both a presentence investigation and presentence hearing discretionary with the circuit court.

Rule 6.02 of the former Criminal Rules and Rule 11.02 of the Uniform Circuit and County Court Rules both provide that when a presentence investigation and report is requested by the circuit court, the report may include, but is not limited to a description of the offense and the circumstances involved; any prior criminal convictions or juvenile adjudications of delinquency; the defendant's financial condition; his educational and employment background; his social history and home environment; information about resources available to provide rehabilitation, treatment or vocational training for the defendant; and a physical and mental examination if ordered by the court. The record indicates that the circuit court covered most of these bases during the course of the August, 1995 sentencing hearing, the April, 1995 motion hearing and other hearings referenced in those proceedings.

As the circuit court explained in denying Fields' motion to reconsider his sentence:

> This is a case I've lived with for quite some time. Having had not only the defendant in this cause but some of the codefendants, I've heard a number of motions. I've heard a multitude of testimony concerning what occurred. In addition to that, I've also had other cases that involved this defendant. So where normally a presentence investigation is conducted to make the Judge

aware of the offender's history, both criminal and otherwise, that was not necessary in this case, because this defendant, the Court was very familiar with. The Court was very familiar with his history. The Court was very familiar with his additional criminal history.

On the date of the guilty plea, I did allow the defendant to proffer to the Court some substantial testimony that I will tell you that I gave serious considerations to; and for that reason, I believe that my sentence was a lot less than what it could have been.

Since a presentence report and hearing are not mandatory, the circuit court cannot be found to have abused its discretion. We therefore find no merit to this assignment of error.

## II. WHETHER FIELDS' SENTENCE IS UNCONSTITUTIONALLY DISPROPORTIONATE

Fields next contends that in light of the sentences given to his co-defendants, his three consecutive forty-five year sentences for armed robbery are unfairly disparate. Interwoven with that assertion is his contention that the sentences are disproportionate to the crime committed. The State counters that the sentences are within the statutory parameters and that the facts and circumstances of the case warrant a stiffer penalty for Fields than those bargained for by Hicks and Sampson.

As the result of plea negotiations, Hicks was sentenced to twenty years in the custody of the Mississippi Department of Corrections for manslaughter and the armed robbery charges against him were remanded to the files. Sampson received a twenty-year sentence for manslaughter to be served concurrently with a ten-year sentence for strong arm robbery. The remaining charges against him likewise were remanded to the files pursuant to the plea negotiations. Fields entered his guilty plea in exchange for the State's agreement to not seek the death penalty for the capital murder charge. The State also agreed to enter nolle pros orders in still another case against Fields where he had been charged with two counts of aggravated assault. No recommendations were made by the State for sentencing on the armed robbery or manslaughter charges.

"Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Hoops v. State,* 681 So. 2d 521, 537 (Miss. 1996); *Edwards v. State,* 615 So. 2d 590, 597 (Miss. 1993); *Reynolds v. State,* 585 So. 2d 753, 756 (Miss. 1991). A sentence generally will not be disturbed on appeal unless it exceeds the maximum statutory penalty. *Hoops,* 681 So. 2d at 538; *Fleming v. State,* 604 So. 2d 280, 302 (Miss. 1992). As we explained in *Hoops*, the sort of proportionality review Fields now seeks as set forth in *Solem v. Helm*, 463 U.S. 277 (1983), is warranted only in certain circumstances:

> *Solem*, however, was overruled in *Harmelin v. Michigan*, 501 U.S. 957, 965-66, 111 S.Ct. 2680, 2686-87, 115 L.Ed.2d 836 (1991), to the extent that it found a guarantee of proportionality in the Eighth Amendment. *Smallwood v. Johnson*, 73 F.3d 1343, 1346 n. 4 (5th Cir.1996); *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir.1992), *cert. denied,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992). "In light of *Harmelin*, it appears that *Solem* is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality.'" *Smallwood*, 73 F.3d at 1347 (citing *Harmelin*, 501 U.S. at 1005, 111 S.Ct. at 2707).

*Hoops,* 681 So. 2d at 538. *See also **Barnwell v. State,*** 567 So. 2d 215, 221 (Miss. 1990)(except where sentence is "grossly disproportionate" to the crime committed, extended proportionality analysis not required). In ***Hoops***, we found that the imposition of two consecutive fifteen-year sentences for two counts of aggravated assault was not so disproportionate as to warrant an in-depth review pursuant to ***Solem. Rummel v. Estelle***, 445 U.S. 263 (1980), was set out therein as the guide for making a threshold determination. ***Hoops,*** 681 So. 2d at 538. In ***Rummel,*** the United State States Supreme Court held that a life sentence given under a recidivist statute did not violate the eighth amendment and was not disproportionate even though the defendant's three non-violent felony convictions resulted in total losses of less than $250.00. ***Id.***

Miss. Code Ann. § 97-3-79 provides for a life sentence for armed robbery when the defendant is convicted by a jury. It further provides that "in cases where the jury fails to fix the penalty at imprisonment to life in the state penitentiary the court shall fix the penalty at imprisonment in state penitentiary for *any term not less than three years.*" § 97-3-79 (emphasis added). The sentence given Fields does not exceed the statutory maximum. Further, as the State asserts, bonus points are not given for committing multi-count crimes. "It is not a legal analog to some sort of 'blue light special' where a defendant, by having the foresight to commit the same crime or different crimes in close connection to each other gets two or more offenses for the price of one." ***Wright v. State,*** 540 So. 2d 1, 5 (Miss. 1989); *See also **Johnson v. State,*** 557 So. 2d 799, 803 (Miss. 1991)(even where total sentences exceed the actuarial life of the defendant, "each sentence is to be imposed without respect for the other"). Moreover, using ***Rummel*** as a benchmark, we cannot say that Fields' sentence was disproportionate.

Fields relies upon ***McGilvery v. State***, 497 So. 2d 67 (Miss. 1986) to support his argument that it is unfair that he received three consecutive forty-five years sentences for armed robbery while Hicks successfully plea bargained the charges back to the files and Sampson was sentenced only to ten years for strong arm robbery, with the remaining two counts against him remanded to the files. In ***McGilvery***, the defendant was sentenced to forty-five years in prison for armed robbery, while his co-defendant, the trigger-man, entered a guilty plea and received only a twenty-five year sentence. ***Id.*** at 69. Concerned by the disparity between the two men's sentences, the case was remanded to provide the circuit court with an opportunity to explain the difference. ***Id.*** We further stated that if there was no reason for the disparity, McGilvery's sentence should be reduced. ***Id.*** On remand, the circuit court merely stated that the defendant's history was taken into consideration when the sentence was given, and that it was neither unfair nor disproportionate. ***McGilvery v. State,*** 540 So. 2d 41, 42 (Miss. 1989). The case was again remanded for further justification by the trial judge without a proportionality review by this Court.

Although the circuit judge did not articulate his precise reasons for sentencing Fields as he did, the record provides ample support for the disparity in sentencing. As distinguished from ***McGilvery,*** it was the trigger-man, Fields, who received the harsher sentence. Moreover, the record indicates that it was Fields, not Hicks or Sampson, who instigated the pursuit and robbery of Dennis Walker and his companions and Fields who owned the guns. Fields had a criminal record; Hicks and Sampson apparently did not. Hicks turned himself in to authorities and assisted police. Moreover, as we explained in ***Culberson v. State,*** 379 So. 2d 499 (Miss. 1979), where the trigger-man received the death penalty and his co-defendant was allowed to plead guilty to manslaughter:

This case involves prosecutorial discretion which was necessary. Without the testimony of Pittman, there was no evidence to place Culberson at the scene of the crime and to show that he fired the fatal shot. We recognize the great disparity between the sentences of Pittman and Culberson, but if the state is not permitted to exercise prosecutorial discretion in order to obtain the testimony of a participant in a capital murder by permitting the one furnishing the testimony to plead guilty to a lesser crime, crimes such as the one in this case would not be solved and all participants would go free.

*Culberson,* 379 So. 2d at 510. Similarly, in the case *sub judice,* where the cooperation of the co-defendants was essential, the circuit court cannot be said to have abused its discretion in giving Fields three consecutive forty-five year sentences for armed robbery despite the more attractive plea agreements reached by his co-defendants.

CONCLUSIONS

Whether a presentence investigation and report should be made as well as whether a presentencing hearing should be held are within the discretion of the trial court. In light of the circuit judge's familiarity with the case and information he had adduced about the circumstances of the crime and the defendant's background through various motions hearings, he cannot be said to have abused his discretion in not ordering a presentence investigation, report or hearing. Likewise, sentencing is within the trial court's discretion and not subject to appellate review if it is within statutory parameters. Because the forty-five year sentences given for each count of armed robbery do not exceed the statutory maximum and the record provides ample justification for the disparity between the sentences given to Fields and those bargained for by the co-defendants, the circuit court further should not be held to have abused his discretion by sentencing Fields as he did nor should his sentence be found to be so disparate any further review. We therefore affirm the order of the circuit court denying Field's motion for reconsideration and re-sentencing.

**LOWER COURT'S DENIAL OF MOTION FOR RECONSIDERATION AND RESENTENCING AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Section (2)(a) of former Rule 5.13, in effect at the time of Fields' guilty plea, provides that

Upon conviction, or after a plea of guilty, there *shall* be a hearing before the trial judge as follows:

a. A presentence investigation *shall* be conducted and a report thereof shall be made, consisting of a complete record of the offender's criminal history, educational level, employment history, and when required by the court, his psychological condition, and other such information as the judge shall deem necessary. A copy of said report shall be delivered to the defendant for use by him and his attorney.

Rule 5.13 (2)(a)(emphasis added).