## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CA-01257-SCT

*NORMAN KENT ADAMS a/k/a "JULIO"*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/27/95 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On March 15, 1995, Norman Kent Adams was indicted in the Pike County Circuit Court for the following charges: (1) conspiracy to commit the crime of unlawful possession of cocaine with intent to distribute within 1500 feet of a church building, and (2) unlawful possession of cocaine with intent to distribute within 1500 feet of a church building. Frank Dawson, Jr. and Donna L. Ginn were indicted along with Adams. Adams was indicted as a habitual offender, having had two prior felonies of separate charges arising out of different times and for which he was sentenced to prison terms of a year or more. Adams initially pled not guilty to both charges. However, on April 5, 1995, Adams pled guilty to the amended charge of conspiracy to commit the crime of unlawful possession of cocaine with intent to distribute. On April 6, 1995, following a sentencing hearing wherein Adams was found beyond a reasonable doubt to be a Habitual Criminal within the meaning of § 99-19-81 of the Mississippi Code of 1972, Circuit Judge Keith Starrett ordered Adams placed in the custody of

the Mississippi Department of Corrections for twenty (20) years with the last eight (8) years suspended and the first twelve (12) years without the benefit of probation, parole, good time, or early release. Adams was also ordered to pay a fine of $30,000.00 and court costs.

On May 30, 1995, Adams petitioned the trial court pro se for re-sentencing on the ground that the sentence was illegal. A hearing on the petition was ordered by the trial court, and the public defender's office was appointed to represent Adams. On July 13, 1995, Circuit Judge Starrett informed Adams that his motion was to be taken as a Post-Conviction Relief Motion and that he should include any other grounds in his petition. On July 25, 1995, a hearing on the Post-Conviction Relief Motion was held wherein Adams was granted an additional ten (10) days to file any additional allegations. On July 31, 1995, Adams filed a motion essentially adding the following grounds: (1) ineffective assistance of counsel, and (2) involuntary guilty plea.

On September 27, 1995, a Post-Conviction Relief hearing was held in the Circuit Court of Pike County, Mississippi, at which time Judge Starrett denied Adams' Post Conviction Relief. Judge Starrett held that the Honorable Charles Miller effectively represented Adams in this case, there was no disparity in the sentence of Adams and that of his co-defendant Dawson, and that Adams' guilty plea was voluntarily entered.

Adams appeals to this Court *pro se* and raises the following issue:

**WHETHER THE TRIAL COURT ERRED IN ITS DENIAL OF THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.**

**LEGAL ANALYSIS**

Adams argues that the trial court erred in denying his relief in three (3) respects: (1) his sentence was disproportionate to that of his co-defendant Dawson; (2) he received ineffective assistance of counsel, and (3) his guilty plea was involuntary.

**I. ADAMS' SENTENCE WAS DISPROPORTIONATE TO THAT OF HIS CO-DEFENDANT DAWSON.**

Adams was indicted and sentenced as a habitual offender under § 99-19-81 and given a 20-year sentence with eight (8) years suspended and twelve (12) years to serve without the benefit of parole, probation, good time, or early release. Adams' co-defendant Dawson was not indicted as a habitual offender but was subject to the enhanced punishment provision under Miss. Code Ann. § 41-29-147.

Adams argues that he was subject to selective prosecution because co-defendants Ginn and Dawson were not prosecuted with enhancement and because both co-defendants received a lesser fine. Adams further argues that these factors led to a disparity in the sentence he received and those received by his co-defendants.

A. Selective Prosecution

The United States Supreme Court stated "[i]n our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (*citing **United States v. Goodwin***, 457 U.S. 368, 380, n.11(1982)). "[S]o long as the prosecutor has

probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). However, prosecutorial discretion is subject to constitutional constraints. *See United States v. Batchelder*, 442 U.S. 114, 124-25 (1979).

> In order to prevail in a defense of selective prosecution, a defendant must meet two requirements which we have characterized as a "heavy burden." *United States v. Johnson*, 577 F.2d 1304, 1308 (5th Cir. 1978) (quoting *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)). First, he must make a prima facie showing that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted. *United States v. Tibbetts*, 646 F.2d 193, 195 (5th Cir. 1981). Second, having made the first showing, he must then demonstrate that the government's selective prosecution of him has been constitutionally invidious. *Id.* The showing of invidiousness is made if a defendant demonstrates that the government's selective prosecution is actuated by constitutionally impermissible motives on its part, such as racial or religious discrimination. *United States v. Lichenstein*, 610 F.2d 1272, 1281 (5th Cir.), cert. denied, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed. 2d 856 (1980).

*United States v. Ramirez*, 765 F.2d 438, 439-40 (5th Cir. 1985) (*quoting United States v. Jennings*, 724 F.2d 436, 445 (5th Cir.), cert. denied, 467 U.S. 1227, 104 S.Ct. 2682, 81 L.Ed. 2d 877 (1984) (footnote omitted)).

We hold that Adams has failed to satisfy either prong of the prima facie selective prosecution claim. There has been no showing that Adams' co-defendants were not prosecuted nor has there been a showing that he was selectively prosecuted based on unconstitutional motives. Thus, Adams' claim of selective prosecution is without merit.

B. Disparity in Sentencing

Adams relies on *McGilvery v. State*, 497 So. 2d 67 (Miss. 1986) in asserting that the trial court did not consider the acts committed by the respective defendants and the level of involvement and therefore should be required to clarify the disparity between his sentence and that of his co-defendants. However, Adams' reliance on *McGilvery* is misguided. In that case, McGilvery's co-defendant pled guilty and received a 25-year sentence whereas McGilvery proceeded to trial and received a 45-year sentence for the same offense. *Id.* at 69. This Court remanded the case so that the circuit judge could have "an opportunity to state for the record the appropriate reasons for the disparity in the two sentences." *Id.* The Court was concerned with the fact that the defendant who entered the plea received a much lower sentence than the defendant who went to trial. "It is absolutely impermissible that a trial judge imposing sentence enhance the sentence imposed because the defendant refused a plea bargain and put the state and the court to the trouble of trial by jury." *Id.* (*quoting Pearson v. State*, 428 So. 2d 1361, 1364 (Miss. 1983)).

The standard for analysis regarding sentencing is found in this Court's *Hoops* decision.

> Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. *Reynolds v. State*, 585 So.2d 753, 756

(Miss. 1991) (citing **Reed v. State**, 536 So.2d 1336, 1339 (Miss. 1988); **Boyington v. State**, 389 So.2d 485 (Miss. 1980)). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." **Fleming v. State**, 604 So.2d 280, 302 (Miss. 1992) (citing **Corley v. State**, 536 So.2d 1314, 1319 (Miss. 1988); **Reed v. State**, 536 So.2d 1336, 1339 (Miss. 1988)).

**Hoops v. State**, 681 So.2d 521, 537-38 (Miss. 1996).

We hold that the difference in the sentences is attributable to the fact that Adams was sentenced under the Habitual Offender statute whereas his co-defendant was not. We also find that the sentences imposed on Adams and his co-defendant Dawson are well within the statutorily prescribed limits. Therefore, this Court will not disturb the trial court's ruling.

## II. ADAMS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

The standard for reviewing claims of ineffective assistance of counsel was set forth in **Strickland v. Washington**, 466 U.S. 668, 687 (1984). Mississippi adopted the **Strickland** standard in **Stringer v. State**, 454 So. 2d 468, 476-78 (Miss. 1984) and has consistently applied this standard in subsequent cases. **Neal v. State,** 525 So. 2d 1279, 1281 (Miss. 1987) (*citing* **Ferguson v. State**, 507 So. 2d 94, 95-97 (Miss. 1987); **Waldrop v. State**, 506 So. 2d 273, 275-76 (Miss. 1987); **Alexander v. State**, 503 So. 2d 235, 240-41 (Miss. 1987); **King v. State**, 503 So. 2d 271, 273-76 (Miss. 1987); **Leatherwood v. State**, 473 So. 2d 964 (Miss. 1985)).

Our inquiry under **Strickland** is twofold:

(1) Was defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so

(2) Was [the appellant] prejudiced by such failure to meet that standard?

**Hansen v. State**, 649 So. 2d 1256, 1259 (Miss. 1994). Additionally, "[a]n ineffective assistance claim by its very nature refers to the totality of counsel's pre-trial and trial performance." **Neal v. State**, 525 So. 2d 1279, 1281 (Miss. 1987). "At the outset, defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." **Hansen**, 649 So. 2d at 1258. Adams "must allege these matters with specificity and detail" to obtain an evidentiary hearing. **Perkins v. State**, 487 So.2d 791, 793 (Miss. 1986); Miss. Code Ann. § 99-39-9(1) (1994). The petitioner's well pled allegations are taken as true. **Moore v. Ruth**, 556 So. 2d 1059, 1061 (Miss. 1990). Moreover, where the appellant is proceeding *pro se*, the Court takes that fact into account so that meritorious complaints are not lost because inartfully drafted. **Id.**

Adams was afforded an evidentiary hearing, wherein he failed to establish that his attorney's performance was deficient. Adams alleges that his attorney failed to investigate his claim that he was not in the hotel room when his co-defendants were arrested. Adams insists that procuring the phone records for Holiday Inn Room 117 for the day of the arrest will prove that he was not arrested at the time the state alleges and thus provides him an alibi as to the time frame. However, obtaining the phone records would in no way show Adams' whereabouts. The room in question was registered to Donna Ginn and there were several people present in that room at the time of the arrests. The phone

records would at best show that a phone call was made from that room but would in no way show who placed the call from that room. Thus, Adams' contention that his attorney's failure to obtain the phone records constituted ineffective assistance of counsel is without merit.

## III. ADAMS' GUILTY PLEA WAS INVOLUNTARY

When determining the validity of a guilty plea, this Court has held that a "guilty plea will only be binding upon a criminal defendant if it is voluntarily and intelligently entered." *Drennan v. State*, 695 So. 2d 581, 584 (Miss. 1997) (*quoting Banana v. State*, 635 So. 2d 851, 854 (Miss. 1994)). *See, e.g.*, *Boykin v. State*, 395 U.S. 238 (1969); *Alexander v. Alabama*, 605 So. 2d 1170, 1172 (Miss. 1992); *Myers v. State*, 583 So. 2d 174, 177 (Miss. 1991); *Wilson v. State*, 577 So. 2d 394, 397 (Miss. 1991). "In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." *Banana*, 635 So. 2d at 854. Specifically, Rule 8.04(A)(4)[1] of the Uniform Rules of Circuit and County Court Practice, provides:

> *Advice to the Defendant.* When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
>
> That the accused is competent to understand the nature of the charge;
>
> That the accused understands the nature and consequences of the plea,
>
> and the maximum and minimum penalties provided by law;
>
> c. That the accused understands that by pleading guilty (s)he waives
>
> his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.

URCCC 8.04(A)(4).

Adams alleges that his attorney threatened him with an eighty (80) year sentence if he didn't accept a twelve (12) year mandatory sentence. However, there is no evidence to support this contention in the record. At the evidentiary hearing, Adams' mother testified that she was present during Adams' conversations with his attorney regarding his guilty plea. She indicated that it was her understanding that "no charges would be held against [Adams] if [he] would plead guilty with intent to distribute." There was no testimony to support Adams' contention that Adams' attorney threatened him in order to obtain a guilty plea. Additionally, Adams signed a "Know Your Rights Before Pleading" form which affirmatively indicates that Adams was well aware of his rights and voluntarily and knowingly and intelligently offered a guilty plea. Further, at the evidentiary hearing the trial judge found that Adams was "a very intelligent adult" and thus capable of understanding the ramifications of a guilty plea.

Furthermore, this Court has stated:

> We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.

*Wallace v. State*, 607 So. 2d 1184, 1189 (Miss. 1992) (*quoting Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983)). There is no evidence on the face of the record that supports Adams' contentions other than the assertions contained in his brief. To the contrary, we find that the overwhelming weight of the contents of the record reveal that Adams was not coerced into pleading guilty in the court below. Therefore, there is no merit to Adams' contention that his guilty plea was involuntarily given.

## CONCLUSION

Following an evidentiary hearing in the trial court, the circuit court judge found that there was no disparity between Adams' sentence and that of his co-defendant Dawson. Adams was sentenced as a Habitual Offender whereas Dawson was subject to the enhanced penalty provision. The defendants were subject to two separate types of statutes which provide for different sentencing. Furthermore, all of the defendants were sentenced within statutory guidelines. Therefore, the trial court's sentence should not be overturned on appeal.

The circuit judge also found that Adams was not afforded ineffective assistance of counsel. There was no evidence presented which indicated that his attorney's performance was deficient and that there would have been a different outcome had it not been for his attorney's deficient performance. Thus, Adams does not meet the required *Strickland* standard in order to establish ineffective assistance of counsel.

The circuit judge also found that Adams' guilty plea was voluntarily, knowingly and intelligently given. Adams provides no evidence in support of his claim that his attorney threatened him into pleading guilty. Instead, the record shows that Adams is a very intelligent adult, his mother was present during his conversations with his attorney, and he was well aware of his rights before pleading guilty. Denial of Adams' Motion for Post-Conviction Relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**

1. Rule 8.04 is the successor to Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice.