906 So.2d 798 (2004)
Myron Cornell EDMOND a/k/a Myron Edmond, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02511-COA.
Court of Appeals of Mississippi.
December 14, 2004.
*800 Myron Cornell Edmond, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On Mother's Day, Myron Edmond, armed with a pistol, robbed a Taco Bell. Edmond exited the restaurant and, as planned, Shaqueta Cauthen drove the "getaway car." Tate County authorities apprehended the pair shortly afterwards. Myron Edmond pled guilty to armed robbery before the Circuit Court of Tate County. The circuit court sentenced Edmond to fourteen (14) years in the custody of the MDOC, but suspended seven (7) years and left the remaining seven (7) years on Edmond's sentence. Edmond filed a motion for post-conviction relief. The circuit court found the motion meritless and dismissed the motion without a hearing or a response from the State. Aggrieved, Edmonds appeals and asserts five (5) issues, reworded for clarity, before this Court:
I. EDMOND'S SENTENCE IS DISPARATE TO THE CO-DEFENDANT'S SENTENCE AND THAT DISPARITY IS A DENIAL OF DUE PROCESS OF LAW.
II. THE CIRCUIT COURT ERRED BY USING UNRELATED CASES AS A GUIDE IN SENTENCING EDMOND.
III. THE CIRCUIT COURT MISADVISED EDMOND OF HIS RIGHTS TO AN APPEAL.
IV. THE CIRCUIT COURT ERRED WHEN IT FAILED TO ADVISE EDMOND, PRIOR TO ACCEPTING HIS GUILTY PLEA, THAT ANY SENTENCE FOR ARMED ROBBERY CARRIED A MANDATORY SENTENCE OF TEN YEARS OR LESS.
V. THE CIRCUIT COURT ERRED WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING BEFORE DISMISSING EDMOND'S MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.

ANALYSIS
¶ 2. When reviewing a denial of post-conviction relief, this Court will not reverse unless the circuit court's decision is clearly erroneous. Green v. State, 784 So.2d 273(¶ 3) (Miss.Ct.App.2001).

I. IS EDMOND'S SENTENCE AN EXAMPLE OF DISPARITY IN SENTENCING?
¶ 3. Edmond argues that the circuit court was unfairly harsh in sentencing him and points to the sentence that the co-defendant, Shaqueta Cauthen, received to demonstrate disparity in sentencing. The circuit court sentenced Cauthen to a five-year sentence, four years suspended, leaving a one-year sentence. Edmond cites McGilvery v. State, 497 So.2d 67 (Miss. 1986) to show that disparity in sentencing is improper. In McGilvery, the disparity between the defendant's forty-five year sentence, imposed after trial, and the twenty-five year sentence imposed on the co-defendant, who pled guilty, required remanding the case for a sentencing hearing to let the circuit judge state appropriate reasons for the disparity.
¶ 4. Edmond's argument lacks merit. Unlike McGilvery, Edmond did not force a trial while Cauthen pled guilty. Edmond and Cauthen performed different tasks in the crime and they both pled guilty, but to different crimes. Edmond *801 pointed a loaded pistol at a restaurant employee and took approximately $4,000. Cauthen drove the getaway car. Edmond pled guilty to armed robbery while Cauthen pled guilty to conspiracy to commit armed robbery. According to Section 97-3-79 of the Mississippi Code, when a jury does not fix a penalty, one convicted of armed robbery may be sentenced for any amount of time between three years and a life sentence. Miss.Code Ann. § 97-3-79. One convicted of conspiracy to commit armed robbery may be sentenced to five years or less. Miss.Code Ann. § 97-1-1(h) (Rev.2000). The circuit court sentenced Edmond and Cauthen within statutory guidelines. The disparity that exists between Edmond's sentence and Cauthen's sentence is a product of the disparity of the crimes to which they pled guilty. Sentencing is within the trial court's discretion and is not subject to appellate review if the sentence is within statutory limits. Wall v. State, 718 So.2d 1107, 1114 (Miss.1998) (quoting Hoops v. State, 681 So.2d 521, 537 (Miss.1996)). Accordingly, there is no disparity between the sentences and this issue is without merit.

II. DID THE CIRCUIT COURT ERR WHEN IT USED UNRELATED CASES AS A GUIDE IN FIXING EDMOND'S SENTENCE?
¶ 5. Edmond argues that the circuit court improperly used unrelated cases to sentence him. The basis of Edmond's complaint stems from some of the trial judge's comments during sentencing. The trial judge mentioned that previous defendants that committed armed robbery had been before his court. Edmond did not have any prior convictions. Edmond complains that he should receive a lesser sentence as a first time offender than those who committed similar crimes that had a record of convictions. One problem is that the trial judge did not say that those defendants had prior convictionsthat is a product of Edmond's allegations.
¶ 6. What is more, the record contradicts Edmond's claims. The circuit court evaluated various considerations before Edmond received his sentence. One of those considerations was the need to sentence according to statutory guidelines as well as the need to sentence consistently with similar offenses imposed in the Tate County Circuit Court. The record also demonstrates that the circuit court considered Edmond's age, lack of criminal history, and the fact that Edmond's plea saved the State of Mississippi the time and expenses that accompany a jury trial. As discussed above, the circuit court fixed a sentence within statutory guidelines. Sentencing is within the trial judge's discretion and this Court will not reverse if the sentence is within the statutory term. Davis v. State, 724 So.2d 342(¶ 10) (Miss.1998). Accordingly, this allegation of error is meritless.

III. DID THE CIRCUIT COURT MISADVISE EDMOND OF HIS RIGHTS TO AN APPEAL?
¶ 7. Edmond's third assertion of error is also a product of the trial judge's comments prior to Edmond's guilty plea. During the plea hearing, the trial judge asked the standard questions to ascertain that Edmond made his plea voluntarily and intelligently. During that exchange, the trial judge attempted to explain Edmond's options on appeal, should Edmond plead guilty. The trial judge said: "[I]f I accept your plea, for all practical purposes you give up your right to appeal any action I take to the Supreme Court, and I'll explain. If you admit guilt and know what you are doing, there's nothing left to appeal from." Edmond argues that the trial judge told him he would have no right to appeal.
¶ 8. Section 99-35-101 of the Mississippi Code states that an appeal is not allowed if *802 a defendant pleads guilty. Miss.Code Ann. § 99-35-101 (Rev.2000). It is clear that the circuit court was simply advising Edmond of this provision, rather than attempting to convince Edmond that he could not appeal in any fashion. Suffice to say, since Edmond has appealed the denial of his motion for post-conviction relief, the circuit judge's comments did not prejudice Edmond in any way.

IV. DID THE CIRCUIT COURT ERR WHEN IT FAILED TO ADVISE EDMOND, PRIOR TO ACCEPTING HIS GUILTY PLEA, THAT ANY SENTENCE FOR ARMED ROBBERY CARRIED A MANDATORY SENTENCE OF TEN YEARS OR LESS?
¶ 9. Edmond argues that the trial judge failed to fully advise him of his possible sentence because the trial judge did not inform him of the provision that carries a mandatory ten-year sentence for committing armed robbery.
¶ 10. As discussed above, the circuit court sentenced Edmond to a fourteen year sentence, but suspended seven years from that sentence, leaving a seven-year sentence for Edmond to serve. Edmond references Section 47-7-3(d)(i) of the Mississippi Code. That section states that when one is convicted of armed robbery and sentenced for a term of greater than ten years, that convict may not be paroled until he or she has served at least ten years. Miss.Code Ann. § 47-7-3(d)(i) (Rev.2000). Edmond only received a seven-year sentence, so he is not subject to the ten-year minimum service requirement. It seems counterintuitive for Edmond to benefit from the circuit court's lenience only to argue that such lenience is a violation of his fundamental rights. Regardless, Edmond's assignment of error lacks merit.

V. DID THE CIRCUIT COURT ERR WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING BEFORE DISMISSING EDMOND'S MOTION FOR POST-CONVICTION RELIEF?
¶ 11. Edmond argues that the circuit court committed reversible error when it dismissed his motion for post-conviction relief without granting an evidentiary hearing. Mississippi law states that if it appears from the face of a motion for post-conviction relief, that the movant is not entitled to relief, the circuit court can dismiss that motion. Miss.Code Ann. § 99-39-11(2) (Rev.2000). The circuit court reviewed the record and determined that an evidentiary hearing was unwarranted and properly dismissed the motion. This issue lacks merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.