957 So.2d 1039 (2007)
Ronald ADDISON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00299-COA.
Court of Appeals of Mississippi.
May 22, 2007.
*1040 Ronald Addison, Appellant, pro se.
Office Of The Attorney General By Scott Stuart, Attorney for Appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
BARNES, J., for the Court.
¶ 1. Ronald Addison pled guilty to two counts of possession of a controlled substance and one count of manufacture of a controlled substance. Sentenced to three consecutive ten year sentences, Addison sought to set the sentences aside. He appeals from the circuit court's denial of his motion to vacate or set aside the sentences.
¶ 2. On appeal he raises two issues: (1) that the trial court erred in finding that his constitutional rights were not violated by the disparity in his sentence and that of his co-defendants, and (2) that his trial counsel was ineffective in promising him a specific sentence in securing a guilty plea.
¶ 3. We find no error and affirm.

FACTS
¶ 4. In November 2001, the Narcotics Task Force of Amite County raided Malcolm Miller's property and found drugs and a methamphetamine laboratory. Present on the property were Addison, his wife Delores, Malcolm Miller, and William Thornton. On or about April 5, 2002, all four were indicted for possession of a controlled schedule II substance, manufacture of a schedule II controlled substance, and possession of precursor chemicals.
¶ 5. Addison's wife entered a guilty plea, and the State agreed to drop the manufacturing count. She was sentenced to ten years consecutive on each of the two remaining counts, with nineteen years suspended, one year to serve and five years' probation. Miller and Thornton also entered guilty pleas and were given the same sentence as Delores Addisonone year to serve.
¶ 6. Addison notes in his brief that he failed to appear for his court date "due to his extreme addiction to drugs." According to the circuit judge's order, Addison fled the jurisdiction after his arraignment and posting bond. It was necessary for the court to call Addison's bond and issue a bench warrant for his arrest. Addison was eventually apprehended and returned to Amite County.
¶ 7. In his guilty plea Addison advised the court that he had come to Amite County from Louisiana to cook methamphetamine and that he had been involved with methamephetamine for nearly two years. Addison's criminal history also showed that he was a prior convicted felon.
*1041 ¶ 8. The court sentenced Addison on each count to ten years to serve, with the sentences to run consecutively. The court noted that Addison could have been sentenced to up to seventy-six years for the three counts.

DISCUSSION
¶ 9. As the State notes, Addison has failed to cite any authority in support of his arguments. It is the responsibility of the appellant to provide the Court with support for each assignment of error. As such, the appellant's arguments on appeal are procedurally barred. Drennan v. State, 695 So.2d 581, 585-86 (Miss.1997); McClain v. State, 625 So.2d 774, 781 (Miss. 1993).
¶ 10. Even though the assignments of error are procedurally barred, the Court will briefly address the merits of Addison's arguments.

Disproportionate Sentence
¶ 11. Addison argues that his constitutional rights were violated because he received a disproportionate sentence compared to his co-defendants.
¶ 12. In Mississippi, sentences which are within the statutory limits will generally be upheld. Tate v. State, 912 So.2d 919, 933(¶ 8) (Miss.2005); Smallwood v. State, 930 So.2d 448, 451(¶ 11) (Miss.Ct.App.2006). Sentencing is within the trial court's discretion and not subject to appellate review if the sentence is within statutory limits. Tate, 912 So.2d at 933(¶ 8); Nichols v. State, 826 So.2d 1288, 1290(¶ 10) (Miss.2002); Wall v. State, 718 So.2d 1107, 1114 (¶ 29) (Miss.1998); Edmond v. State, 906 So.2d 798, 801(¶ 4) (Miss.Ct.App.2004).
¶ 13. As the circuit court noted, Addison did not receive the maximum sentence which could have been imposed. The sentence was within the discretion of the circuit court, and Addison cannot demonstrate that the court denied his constitutional rights.
¶ 14. In the lower court, Addison cited McGilvery v. State, 497 So.2d 67 (Miss. 1986) in support of his argument. In McGilvery, there was a question whether the defendant had been penalized for exercising his right to a trial by jury, and the case was remanded for the judge to explain his reasons for disparity in sentencing where a co-defendant had pleaded guilty and received a lesser sentence. In this case, Addison and his co-defendants all pleaded guilty, and therefore the circumstances are not analogous. The judge in the present case clearly stated that he "carefully weighed the individual circumstances of [Addison's] co-defendants, including his wife, and did sentence them to less time." As the court stated, Addison's sentence was based on "all the circumstances, including the defendant's prior criminal history."
¶ 15. This assignment of error is both procedurally barred and without merit.

Ineffective Assistance of Counsel
¶ 16. Addison contends that he was denied effective assistance of counsel in that his trial counsel told him that he would receive the same sentence that his wife was given, i.e., that he would receive two ten year sentences to run consecutively with nineteen years suspended. The appellate record refutes this claim by Addison. As noted by the circuit judge, Addison signed a petition to plead guilty under oath which contained the following provision: "I know that the sentence I receive is solely a matter for the Judge to decide." Further, Addison was questioned at length at the guilty plea hearing about his understanding of whether he had been promised anything and whether he understood that the sentencing was entirely up to the circuit *1042 judge. When asked if he "had been promised . . . any particular sentence," Addison responded, "No, sir." Addison was also asked if he had been promised any plea bargain or told what his sentence was going to be, to which Addison responded in the negative.
¶ 17. The rule is that a trial judge may rely heavily on prior statements made under oath. Simpson v. State, 678 So.2d 712, 715 (Miss.1996); Smith v. State, 636 So.2d 1220, 1224 (Miss.1994).
¶ 18. We review Addison's claim of ineffective assistance of counsel under a two-part inquiry of whether counsel's performance was deficient, and whether that deficiency prejudiced Addison. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This review is to determine whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S.Ct. 2052. We must consider the "totality of the circumstances" when deciding if counsel's actions were deficient. Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss.1999). With these principles in mind, the Court cannot find that the fairness of the proceedings by which Addison entered a guilty plea was undermined by errors of his counsel.
¶ 19. Addison's statements during the plea colloquy directly contradict his present statements. The court was entitled to rely on the appellant's statements during the guilty plea.
¶ 20. The Court finds that all the issues raised by Addison are procedurally barred and without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY DENYING THE MOTION TO SET ASIDE SENTENCE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
KING, C.J., LEE and MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS and CARLTON, JJ., CONCUR.