439 So.2d 1277 (1983)
Willie L. COOPER
v.
STATE of Mississippi.
No. 54505.
Supreme Court of Mississippi.
November 2, 1983.
Willie L. Cooper, pro se.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Sunflower County wherein appellant's petition for writ of habeas corpus was denied. A motion for reconsideration filed March 1, 1982, was also denied. Aggrieved with the lower court's dismissal of his petition, appellant has perfected his appeal to this Court.
On August 25, 1978, the appellant having pled guilty to the December 12, 1977 commission of the crime of armed robbery was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections to run concurrently with a sentence of six years which he was presently serving.
He does not attack the legality of his sentence but asserts the lower court erred in finding he was not eligible to reduce his sentence with the grant of administrative good time pursuant to Mississippi Code Annotated section 47-5-139 (1972) as amended. We disagree. Earned time for good conduct and performance only applies to those inmates who at some time are eligible for parole as specifically provided for under section 47-5-139(7) which states:

*1278 No inmate in any event shall have his sentence terminated by administrative earned time action until he is eligible for parole as provided in Title 47, Chapter 7, Mississippi Code of 1972.
Appellant's parole status is governed by Mississippi Code Annotated section 47-7-3(d) (1972), as amended, which reads:
No person shall be eligible for parole who shall on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person. If such person is sentenced to a term or terms of ten (10) years or less, then such person shall not be eligible for parole.[1] (Emphasis added).
Therefore, earned [good] time credits do not apply to this inmate as he will not be eligible for parole because he must serve his full sentence of ten years.
He argues that he falls within an exception to the law, contending, "The statute bars those people that are eligible to become parole consideration individuals from terminating their sentences with earned time before they become eligible for parole. The statue [sic] do not bar those from earning credits towards their sentences that are permanently ineligible for parole consideration as Appellant." For us to so hold would be an absurdity.
In our opinion, since appellant is not entitled to parole because he must serve his full ten-year sentence (section 47-7-3(d)), he is likewise not entitled to be credited with good time that he might otherwise have earned (section 47-5-139(7)).
Appellant's contention that the lower court erred in failing to order an evidentiary hearing on his claims is found to be without merit.
For the above stated reasons, the judgment of the Circuit Court denying the writ of habeas corpus is affirmed.
LOWER COURT'S DENIAL OF WRIT OF HABEAS CORPUS AFFIRMED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Effective from and after July 1, 1982, section 47-7-3(2) specifically provides "Notwithstanding any other provision of law, an inmate shall not be eligible to receive earned time, good time or any other administrative reduction of time which shall reduce the time necessary to be served for parole eligibility as provided in subsection (1) of this section."