PER CURIAM.
Mary K. Hardy appealed to this Court complaining of the denial of her Petition for Writ of Habeas Corpus by the Circuit Court of Sunflower County. On appeal she argues that (1) there is an ambiguity between certain statutes dealing with eligibility for “good time” and (2) that she was entitled to an evidentiary hearing on her Petition for Habeas Corpus.
Following her conviction of grand larceny, Hardy was sentenced by the Circuit Court of Winston County to a term of five (5) years as an habitual offender under the provisions of Miss.Code Ann. § 99-19-81 (Supp.1984). That statute provides that for persons sentenced thereunder “such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.”
Hardy contends that under the provisions of Miss.Code Ann. § 47-5-138 (Supp. 1984), she is entitled to some “good time”. That statute provides the State Board of Corrections shall adopt rules and regulations dealing with earned time allowances to offenders. Also it provides, inter alia, that “Such rules and regulations shall differentiate between habitual offenders for the purpose of awarding earned time.” The statute then goes on to define habitual offenders in a manner similar to that prescribed in § 99-19-81. Hardy contends that the provision quoted immediately above grants to her some “good time” and ■that she should be awarded that time and released early. She relies heavily upon the argument that ambiguities in penal statutes shall be resolved in favor of the offender.
There is no conflict between § 99-19-81 and § 47-5-138. Moreover, Miss. Code Ann. § 47-5-139(7) (Supp.1985), provides: “No inmate in any event shall have his sentence terminated by administrative earned time action until he is eligible for parole as provided in Title 47, Chapter 7, Mississippi Code of 1972.” Miss.Code Ann. § 47-7-3(l)(a) (Supp.1984), provides: “No prisoner convicted as a confirmed and habitual criminal under the provisions of sections 99-19-81 through 99-19-87 shall be eligible for parole; ...”
Cooper v. State, 439 So.2d 1277 (Miss.1983), held that:
Earned time for good conduct and performance only applies to those inmates *942 who at some time are eligible for parole as specifically provided for under section 47-5-139(7) ...

In our opinion, since appellant is not entitled to parole because he must serve his full ten-year sentence (section 47-7-3(d)), he is likewise not entitled to be credited with good time that he might otherwise have earned (section 47-5-139(7)).
See also Tiller v. State, 440 So.2d 1001 (Miss.1983).
The trial court correctly held that “... petitioner is entitled to no relief regardless of what rules might have been promulgated by the penal authorities in reference to earned time awarded to habitual offenders.” Petitioner was not entitled to the relief sought as a matter of law. For that reason, an evidentiary hearing on the allegations of the petition for habeas corpus would have been a waste of judicial time.
The judgment of the Lower Court is affirmed.
AFFIRMED.
All Justices concur.