723 So.2d 1197 (1998)
Marshall DAVIS, Appellant.
v.
STATE of Mississippi, Appellee.
No. 97-CA-00405 COA
Court of Appeals of Mississippi.
November 24, 1998.
Pro Se, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE THOMAS, P.J., DIAZ, AND SOUTHWICK, JJ.
DIAZ, J., for the Court:
¶ 1. Marshall Davis appeals the decision of the Sunflower County Circuit Court denying his motion for post conviction relief. Davis argues (1) that his guilty plea was entered involuntarily and that he was denied the effective assistance of counsel, (2) that the lower court inadvertently sentenced him to a term greater than that for which he had pled, and (3) that he was denied a meaningful opportunity to be heard on his claim. Finding his arguments without merit, we affirm.

*1198 FACTS
¶ 2. On January 13, 1994, in cause number 94-0075, Marshall Davis was indicted on one count of sale of cocaine and one count of possession of cocaine with intent to sell. The charge contained in Count I was nolle prossed, and Davis entered a plea of guilty to the possession charge in Count II. Davis was scheduled for sentencing on July 8, 1994, at which time Davis told the judge that while he was still using drugs, that he was gainfully employed and was trying to cut down on his habit. The judge then continued the case for sentencing in order to provide Davis with an opportunity to reform his behavior. On January 23, 1995, in cause number 95-0081, Davis was indicted a second time for selling cocaine to an individual a mere eleven days after his sentencing was postponed in cause number 94-0075. Davis thereafter entered a guilty plea to this offense, and the case was continued for sentencing. On March 15, 1995, Davis was sentenced to a prison term of ten years in cause number 94-0075 and thirty years in cause number 95-0081, with the ten year sentence to run concurrently with the thirty year sentence. On February 6, 1997, Davis filed a motion to vacate his sentence, claiming that his attorney promised him a lighter sentence in exchange for his agreement to plead guilty. Furthermore, Davis claimed that the lower court judge inadvertently sentenced him to a thirty year prison term. On March 10, 1997, the judge found Davis's complaints to be without merit and denied his motion to vacate his sentence. It is from this order that Davis now appeals to this Court.

DISCUSSION

I. WAS DAVIS'S GUILTY PLEA ENTERED INVOLUNTARILY AND WAS HE DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 3. Davis argues on appeal that his guilty plea was not knowingly, intelligently, and voluntarily entered because his attorney advised him that if he pled guilty, he would receive a sentence no greater than ten years. The State argues that the trial transcript confirms that Davis's guilty plea was voluntarily and knowingly entered. We agree.
¶ 4. According to the trial transcript, the following dialogue occurred between the judge and Davis:
Q: And that's sixty years confinement in the custody of the Mississippi Department of Corrections?
A: Yes, mam.
Q: And that the minimum is a one thousand dollar fine?
A: Yes, mam.
Q: Do you understand that this Court can impose the maximum sentence if justified by the circumstances?
A: Yes, mam.
Q: Has anyone made any representations to you or have you been promised anything with regard to what the sentence of this Court might be?
A: Yes, mam.
Q: Who has made those representations to you?
A: I didn't understand you.
Q: Has anyone made any representations to you or have you been promised anything 
A: Oh, no, mam.
Q:  with regard to what the sentence of this Court might be?
A: No, mam.
Q: Okay.

BY THE COURT: Mr. McDowell, as attorney for this Defendant, have you discussed this charge carefully with the defendant and advised him of his Constitutional rights and the consequences of a[n] entry of a plea of guilty?

BY MR. McDOWELL: I have, Your Honor.
¶ 5. In Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991), the Mississippi Supreme Court held that "a guilty plea must be made voluntarily in order to satisfy the defendant's constitutional rights." A plea is considered voluntary if the defendant knows the elements in the charge against him, including an understanding of the charge, the effect of the plea, and the possible sentence. Taylor v. State, 682 So.2d 359, 362 (Miss.1996).
*1199 ¶ 6. A defendant seeking post conviction relief on the basis that his plea was entered involuntarily must prove by a preponderance of the evidence that his plea was not voluntary. Schmitt v. State, 560 So.2d 148, 152-53 (Miss.1990); Miss.Code Ann. § 99-39-23(7) (Rev.1994). In the case sub judice, there is ample evidence in the transcript that the judge's remarks thoroughly explained the charges and consequences to Davis. Accordingly, there is no merit to Davis's claim that his guilty plea was not knowingly, intelligently, and voluntarily entered.
¶ 7. Neither does this Court accept Davis's claim that he was denied the effective assistance of counsel. In order to succeed on any ineffective assistance of counsel claim, the defendant must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), which requires a showing (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss. 1995). "Only where there is a reasonable probability that without counsel's errors the outcome of the trial would have been different will this Court find ineffective representation." Id. at 873.
¶ 8. Here, Davis claims ineffective representation due to his allegation that his attorney promised a lighter sentence in exchange for his agreement to plead guilty. The supreme court has held that "a mere expectation or hope, however reasonable, of a lesser sentence than might be meted out after conviction upon trial by jury will generally not be sufficient to entitle a petitioner to relief in cases such as this." Smith v. State, 636 So.2d 1220, 1227 (Miss.1994). In the present case, the judge specifically asked Cleve McDowell, Davis's attorney, if he advised Davis to enter a guilty plea in exchange for a ten year sentence. Mr. McDowell replied: "It didn't happen, Your Honor. It's just that simple." "[T]rial counsel is presumed to be competent," Ashby v. State, 695 So.2d 589, 592 (Miss.1997), and Davis bears the burden of overcoming this presumption. He has failed to do so; therefore, we dismiss this assignment of error as lacking in merit.

II. DID THE LOWER COURT INADVERTENTLY SENTENCE DAVIS TO A TERM GREATER THAN THAT FOR WHICH HE PLED?
¶ 9. Davis was sentenced to a prison term of ten years in cause number 94-0075 and thirty years in cause number 95-0081, with the ten year term to run concurrently with the thirty year term. On appeal, Davis claims that he agreed to plead guilty in exchange for a ten year sentence and that the judge inadvertently sentenced him to a longer term of thirty years. The supreme court has stated that "[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Hoops v. State, 681 So.2d 521, 537 (Miss.1996). In cause number 94-0075, Davis faced a possible sentence of thirty years imprisonment and a fine of not less than one thousand dollars nor more than one million dollars. Miss.Code Ann. § 41-29-139(a)(1), (b)(1) (Rev.1993). Davis qualified as a subsequent offender in cause number 95-0081, thereby authorizing the court to sentence him to a term of up to sixty years and a fine of up to two million dollars. Miss.Code Ann. § 41-29-147 (Rev.1993). Clearly, the judge was well within his discretion when he sentenced Davis to a term far less than the maximum allowed by statute. Accordingly, we find no merit in this assignment of error.

III. WAS DAVIS DENIED A MEANINGFUL OPPORTUNITY TO BE HEARD?
¶ 10. Finally, Davis argues that he was not provided with a meaningful opportunity to be heard regarding his motion to vacate his sentence. The supreme court has held that a defendant seeking post conviction relief is entitled to an in-court opportunity to be heard if his claims are procedurally alive and if they show a denial of a state or federal right. Williams v. State, 669 So.2d 44, 52 *1200 (Miss.1996). Davis was provided with such an opportunity by virtue of an evidentiary hearing, at which time Davis alleged that his attorney had influenced him to enter a guilty plea in exchange for a lighter sentence. The judge then questioned Davis's attorney, and thereafter concluded that Davis's plea was not induced by any misrepresentations and was therefore not involuntarily entered. The trial court's ruling on post conviction relief can only be reversed if it is against the overwhelming weight of the evidence or if it constitutes an abuse of discretion. Billiot v. State, 655 So.2d 1, 12 (Miss.1995). We find no such error here; therefore, we affirm the lower court's denial of Davis's request for post conviction relief.
¶ 11. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO SUNFLOWER COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.