936 So.2d 479 (2006)
Albert WELLS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01863-COA.
Court of Appeals of Mississippi.
August 15, 2006.
Albert Wells, appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Albert Wells challenges the dismissal of his petition for post-conviction relief by the Circuit Court of Lowndes County. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On May 17, 2004, Wells pled guilty in the Circuit Court of Lowndes County to *480 a charge of armed robbery. He was sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections. In August of 2005, Wells filed a petition for post-conviction relief in which he asserted that his sentence was "ambiguous" because he had not been allowed to accumulate earned time and had not been given an earned release supervision date. Furthermore, Wells claimed that his sentence was ambiguous and excessive because of the disparity between his sentence and the sentence received by his co-defendant.
¶ 3. The Circuit Court of Lowndes County dismissed Wells's petition, finding first that Wells was not entitled to earned time at all; the court found that "pursuant to section 47-7-3(1)(d)(ii) the time to be served for armed robbery is mandatory time to be served day to day." The circuit court also held that Wells's twenty-five year sentence was neither ambiguous nor excessive, as the maximum sentence for armed robbery is life imprisonment. Upon the dismissal of his petition for post-conviction relief, Wells perfected this appeal.

STANDARD OF REVIEW
¶ 4. This Court will reverse a trial court's denial of post-conviction relief only upon a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). When reviewing issues of law, the standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss. 1999).

ISSUES AND ANALYSIS

I. WHETHER A PRISONER CONVICTED OF ARMED ROBBERY MAY ACCRUE EARNED-TIME CREDITS.
¶ 5. Section 47-7-3(1)(d)(ii) of the Mississippi Code Annotated (Supp.2005) states that persons convicted of the crime of armed robbery are not eligible for parole. It reads, in relevant part:
No person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery, attempted robbery or carjacking . . . through the display of a firearm or drive-by shooting. . . . The provisions of this subparagraph (d)(ii) shall also apply to any person who shall commit robbery, attempted robbery, carjacking or a drive-by shooting on or after October 1, 1994, through the display of a deadly weapon[.]
Furthermore, sections 47-5-138.1(2)(d) (Rev.2004) and 47-5-139(1)(e) (Rev.2004) state that trusty time and earned time, respectively, are not available to those persons convicted of armed robbery who have not "served the mandatory time for parole eligibility." The language in these statutes reflects that once, prior to the enactment of section 47-7-3(1)(d)(ii), persons convicted of armed robbery could be eligible for parole after serving ten years of their sentence. However, it is clear that such felons are now completely ineligible for parole. As, pursuant to section 47-7-3(1)(d)(ii), a person convicted of armed robbery can never be eligible for parole, it follows that he may not accrue trusty or earned time pursuant to sections 47-5-138.1(2)(d) and 47-5-139(1)(e), respectively. It would be "an absurdity" were this Court to hold that a prisoner who is permanently ineligible for parole may be allowed to accrue earned-time credits and therefore receive the benefit of a shortened sentence. See Cooper v. State, 439 So.2d 1277, 1278 (Miss.1983). This issue is without merit.

II. WHETHER WELLS'S SENTENCE WAS EXCESSIVE.
¶ 6. Wells was charged with armed robbery pursuant to section 97-3-79 of the *481 Mississippi Code Annotated (Rev.2000). He claims his sentence was excessive because he was sentenced to a term of twenty-five years of imprisonment upon his plea of guilty, while his co-defendant was sentenced to a term of seven years. He cites McGilvery v. State, 497 So.2d 67 (Miss.1986), in support of his argument. In that case, McGilvery was found guilty of armed robbery following a trial by jury, and sentenced to forty-five years in prison, while his co-defendant pled guilty and received a sentence of only twenty-five years. Stating that "It is absolutely impermissible that a trial judge imposing sentence enhance the sentence imposed because the defendant refused a plea bargain and put the state and the court to the trouble of trial by jury," the supreme court remanded the case to the trial court in order to give the circuit judge the "opportunity to state for the record appropriate reasons for the disparity in the two sentences." McGilvery, 497 So.2d at 69. In the present case, it is clear that Wells did not receive a harsher sentence because he "put the state and the court to the trouble of trial by jury"; instead, he pled guilty to the crime of armed robbery. McGilvery is simply not on point.
¶ 7. Where a defendant pleads guilty to a crime, "[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Davis v. State, 723 So.2d 1197, 1199(¶ 9) (Miss.Ct.App.1998) (quoting Hoops v. State, 681 So.2d 521, 537 (Miss.1996)). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." Hoops, 681 So.2d at 538 (quoting Fleming v. State, 604 So.2d 280, 302 (Miss.1992)).
¶ 8. Section 97-3-79 authorizes a trial court to sentence a defendant, upon his entry of a guilty plea, to a term of between three years imprisonment and less than life. Wells's sentence of twenty-five years is within the limits provided by statute; therefore, we will not disturb the sentence on appeal. This issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.