BARNES, J.,
 

 for the Court.
 

 ¶ 1. Anthony Javon Robinson, proceeding pro se, appeals the Circuit Court of Marion County’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
 

 
 *362
 
 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶2. On May 21, 1998, Robinson was indicted on one count of armed robbery pursuant to Mississippi Code Annotated section 97-3-79 (Rev.2006). On August 25,1999, he pleaded guilty. On September 3, 1999, the order of conviction was entered, and Robinson was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to be served without the possibility of parole, probation, or early work release and the remaining ten years to be served under post-release supervision.
 

 ¶ 3. On January 10, 2007, Robinson filed a motion for post-conviction relief, raising the following grounds: (1) the trial judge erred in advising the petitioner that any sentence he received would be without the benefit of parole; (2) the trial judge erred in failing to inform the petitioner of his right to appeal his guilty plea and sentence to the Mississippi Supreme Court; (3) the indictment failed to set forth the judicial district where the crime occurred; (4) and the indictment failed to include the name of the individual who aided and abetted the robbery. The circuit court dismissed this petition on January 12, 2007, finding that the petition was clearly time-barred and that Robinson had failed to allege any circumstances that would allow for filing outside the required time period.
 
 [1]
 
 Robinson subsequently filed the instant appeal. He asserts the same grounds for relief that he raised in his motion filed with the circuit court; in addition, he argues that the circuit court erred in dismissing his motion for post-conviction relief for two reasons: (1) the circuit court’s order indicates that it considered a different individual’s motion for post-conviction relief and (2) the circuit court failed to conduct an evidentiary hearing.
 

 STANDARD OF REVIEW
 

 ¶4. A trial court’s denial of post-conviction relief will be disturbed only where that court’s decision was clearly erroneous.
 
 Kirksey v. State,
 
 728 So.2d 565, 567(¶ 8) (Miss.1999) (citing
 
 State v. Tokman,
 
 564 So.2d 1339, 1341 (Miss.1990)). However, the appropriate standard for reviewing questions of law is de novo.
 
 Rice v. State,
 
 910 So.2d 1163, 1164-65(¶4) (Miss.Ct.App.2005) (citing
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999)).
 

 DISCUSSION
 

 ¶ 5. Pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev.2007), in the case of a guilty plea, a motion for post-conviction relief must be filed within three years after the entry of the judgment of conviction. Here, Robinson’s judgment of conviction was entered on September 3, 1999. His motion for post-conviction relief, however, was not filed until January 10, 2007, well beyond the requisite three-year time period. Accordingly, the circuit court correctly found that Robinson’s motion for post-conviction relief was time-barred.
 

 ¶ 6. The circuit court was also correct in finding that Robinson had failed to raise any arguments which would allow him to file his motion outside of the three-year time period. Section 99-39-5(2) states in pertinent part:
 

 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the
 
 *363
 
 State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked ....
 

 The supreme court has also held that “petitions alleging an illegal sentence are not subject to the time bar.”
 
 Jackson v. State,
 
 965 So.2d 686, 690(¶ 11) (Miss.2007) (citation omitted). Robinson argues that because his claims go to the imposition and terms of his sentence, he could not have made them until he had served the time required by law and the earned-time credits were not applied; therefore, he contends that the facts underlying his claims constitute newly discovered evidence. He also refers to his sentence as “illegal” in portions of his brief.
 

 ¶ 7. Although Robinson appears to argue that all of his claims are encompassed by the newly discovered evidence exception, only his claim regarding not being allowed to accumulate earned-time credits relates to his sentence. With regard to this claim, Robinson argues that the indictment and the circuit court failed to inform him that he would be eligible for earned time only after serving ten years of his sentence.
 
 [2]
 
 He seeks an order directing that he be allowed to accumulate a 15% earned-time allowance on either his entire sentence or, alternatively, any amount of his sentence exceeding ten years.
 

 ¶ 8. Mississippi Code Annotated section 47-5-139(1) (Rev.2004) governs an inmate’s eligibility for the earned-time allowance. According to section 47 — 5—139(l)(e), an “inmate [who] has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon” is not eligible to accumulate earned time. Mississippi Code Annotated section 47 — 7—3(d)(i), which sets forth the mandatory time an individual convicted of armed robbery must serve before being eligible for parole, states as follows:
 

 No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person ....
 

 Miss.Code. Ann. § 47 — 7—3(d)(i) (Supp. 2006). Based on these provisions, Robinson argues that he should be allowed to accumulate earned time after he has served ten years of his sentence. Section 47 — 7—3(d)(ii), however, states:
 

 No person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery, attempted robbery or carjacking as provided in Section 97-3-115 et seq., through the display of a firearm or drive-by shooting as provided in Section 97-3-109. The pro
 
 *364
 
 visions of this subparagraph (d)(ii) shall also apply to any person who shall commit robbery, attempted robbery, carjacking or a drive-by shooting on or after October 1, 1994, through the display of a deadly weapon[.]
 

 Miss.Code Ann. § 47-7-3(d)(ii) (Supp. 2006). Robinson pleaded guilty and was convicted of armed robbery in September 1999; therefore, as he was convicted after October 1, 1994, he is not eligible for parole. Since Robinson is not eligible for parole, he is therefore precluded from accumulating earned time pursuant to Mississippi Code Annotated section 47-5-139(l)(e). This Court has stated that:
 

 [P]ursuant to section 47 — 7—3(l)(d)(ii), a person convicted of armed robbery can never be eligible for parole, it follows that he may not accrue trusty or earned time pursuant to sections 47-5-138.1(2)(d) and 47-5-139(l)(e), respectively. It would be “an absurdity” were this Court to hold that a prisoner who is permanently ineligible for parole may be allowed to accrue earned-time credits and therefore receive the benefit of a shortened sentence.
 

 Wells v. State,
 
 936 So.2d 479, 480(¶5) (Miss.Ct.App.2006);
 
 see also Cooper v. State,
 
 439 So.2d 1277, 1278 (Miss.1983). Thus, as it is clear that Robinson is not entitled to accumulate earned time, his sentence was not “illegal” so as to except his case from the time bar. Accordingly, the circuit court did not err in dismissing Robinson’s motion for post-conviction relief without affording him an evidentiary hearing on this claim.
 
 [3]
 

 CONCLUSION
 

 ¶ 9. We find that the circuit court did not err in dismissing Robinson’s motion for post-conviction relief as time-barred. Accordingly, we affirm the judgment of the circuit court.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
 

 [1]
 

 . The circuit court also found that Robinson’s flawed indictment argument was without merit given that a valid guilty plea waives all non-jurisdictional defects in the indictment.
 

 [2]
 

 . Robinson also states in his brief that (1) he believed that if he entered a plea of guilty to the indictment, the sentence imposed would not be mandatory and would be served with the full benefit of earned-time credit, and (2) the circuit court never advised him that he was subject to a sentence which required that the first ten years be served mandatorily prior to his deciding to plead guilty; therefore, he was not apprised of the consequences of his guilty plea.
 

 [3]
 

 . Robinson also argues that the circuit court erred in considering an individual named Jamie Christie's motion for post-conviction relief rather than Robinson's motion. The first sentence of the circuit court’s order does refer to “Jamie Christie's Motion for Relief under the Mississippi Uniform Post-Conviction Relief Act." However, the circuit court refers to Robinson by name at the conclusion of the order, and the reasoning set forth by the circuit court for denying the motion clearly indicates that Robinson's motion for post-conviction relief was the one being considered. Therefore, this issue is without merit.