FAIR, J.,
for the court:
¶ 1. Donald Neal is currently serving two concurrent, twenty-year sentences, one of which is for armed robbery. Denied credit for earned release by the Mississippi Department of Corrections (MDOC) because of his armed robbery-conviction, he appealed to the Sunflower County Circuit Court. From an adverse ruling by the circuit court, he appeals to this Court.
¶ 2. Neal’s only claim is that he is eligible for earned-release supervision under Mississippi Code Annotated sections 47-5-138 and -139 (Rev.2011 & Supp.2012), a question of law on undisputed facts.
¶ 3. Neal was indicted for an armed robbery and an aggravated assault he committed on November 12, 1995, and he was adjudicated guilty and sentenced on June 6, 1996. The effective dates of statutory amendments that completely remove parole eligibility for those convicted of armed robbery predate these events.[1]
¶ 4. The issue Neal raises was specifically decided by this Court in Wells v. State, 936 So.2d 479, 480 (¶ 5) (Miss.Ct.App.2006), a unanimous decision directly addressing the question: “Whether a prisoner convicted of armed robbery may accrue earned-time credits.” In an opinion by Judge Barnes, we answered:
Section 47 — 7—3(l)(d)(ii) of the Mississippi Code Annotated (Supp.2005) states that persons convicted of the crime of armed robbery are not eligible for parole. It reads, in relevant part:
No person shall be eligible for parole who shall, on or after October 1,1994, be convicted of robbery, attempted robbery or carjacking through the display of a firearm or drive-by shooting. The provisions of this subparagraph (d)(ii) shall also apply to any person who shall commit robbery, attempted robbery, carjacking or a drive-by shooting on or after October 1, 1994, through the display of a deadly weapon.
Furthermore, sections 47 — 5—138.1(2)(d) (Rev.2004) and 47-5-139(l)(e) (Rev.2004) state that trusty time and earned time, respectively, are not available to those persons convicted of armed robbery who have not “served the mandatory time for parole eligibility.” The language in these statutes reflects that once, prior to the enactment of section 47 — 7—3(l)(d)(ii), persons convicted of armed robbery could be eligible for parole after serving ten years of their sentence. However, it is clear that such felons are now completely ineligible for parole. As, pursuant to section 4-7-7-3(l)(d)(ii), a person convicted of armed robbery can never be eligible for parole, it follows that he may *896 not accrue trusty or earned time pursuant to sections ^7-5-138.1(2) (d) and ⅛7-5-139(l)(e), respectively. It would be “an absurdity” were this Court to hold that a prisoner who is permanently ineligible for parole may be allowed to accrue earned-time credits and therefore receive the benefit of a shortened sentence. See Cooper v. State, 439 So.2d 1277, 1278 (Miss.1983).
Wells, 936 So.2d at 480 (¶ 5) (emphasis added).
¶ 5. Wells is the controlling precedent in this case. Therefore, we affirm.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. The cases Neal relies on, Williams v. Puckett, 624 So.2d 496 (Miss.1993), and Wilson v. Puckett, 721 So.2d 1110 (Miss.1998), deal with offenses and sentences occurring prior to the statutory amendments mentioned above. Neal also makes arguments of public policy and statutory intent appropriate for the legislative process, which we do not address in this opinion.