# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01652-COA

**BRIAN WILLIAMS A/K/A BRYAN WILLIAMS
A/K/A BRIAN ANDREW WILLIAMS**                               APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                             APPELLEE

DATE OF JUDGMENT:                10/07/2019
TRIAL JUDGE:                          HON. MARGARET CAREY-McCRAY
COURT FROM WHICH APPEALED:   SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         BRIAN WILLIAMS (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                     BY: DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:              CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                        AFFIRMED - 09/08/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     On October 26, 2009, Brian Williams pled guilty to armed robbery and aggravated assault. The circuit court sentenced Williams to serve concurrent terms of eighteen years for each count in the custody of the Mississippi Department of Corrections (MDOC), with thirteen years to serve, and placed him on five years of post-release supervision. Williams contends that he is eligible for trusty-earned time pursuant to Mississippi Code Annotated Section 47-5-138.1 (Rev. 2015). He filed a request for relief through the MDOC administrative remedy program. The MDOC denied his request, stating that Williams was prohibited from receiving trusty-earned time based on his armed-robbery conviction.

Williams then filed a "Motion for Judicial Review" in the Sunflower County Circuit Court, which also found him ineligible. Because Williams was convicted of armed robbery and therefore barred from trusty-earned time under Mississippi Code Annotated sections 47-7-3(l)(c)(ii) (Rev. 2015), 47-5-138.1(2)(d) (Rev. 2015), 47-5-139(1)(e) (Rev. 2015), we affirm.

## STANDARD OF REVIEW

¶2.     "The Court will not disturb a decision of an administrative agency, like the Department [of Corrections], unless the decision is unsupported by substantial evidence, is arbitrary or capricious, is beyond the agency's scope or powers, or is a violation of the party's constitutional rights." *Thomas v. Miss. Dep't of Corr.*, 248 So. 3d 786, 789 (¶8) (Miss. 2018).

## DISCUSSION

¶3.     Williams asserts that he is entitled to trusty-earned time credit. However, Mississippi Code Annotated section 47-7-3(l)(c)(ii) explicitly states that a person convicted of armed robbery can never be eligible for parole. Further, Williams may not accrue trusty-earned time pursuant to sections 47-5-138.1(2)(d) and 47-5-139(1)(e). *See Neal v. MDOC Records Dep't*, 115 So. 3d 894, 895-96 (¶4) (Miss. Ct. App. 2013); *accord Wells v. State*, 936 So. 2d 479, 480 (¶5) (Miss. Ct. App. 2006); *Bosarge v. State*, 141 So. 3d 24, 27 (¶10) (Miss. Ct. App. 2014). Therefore, the circuit court correctly dismissed Williams's motion.

¶4.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR.**