# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00495-COA

**GEORGE S. DOTSON, JR. A/K/A GEORGE S. DOTSON**      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2020 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE S. DOTSON JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MICHAEL DEWAYNE WILSON SR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/27/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. After being convicted of armed robbery and sentenced to serve eighteen years in the custody of the Mississippi Department of Corrections, George Dotson now appeals arguing that he is entitled to earned time credit pursuant to Mississippi Code Annotated section 47-5-138(5) (Rev. 2015). Dotson asserts that the application of the earned credit should cause his sentence to be expired; thus, he argues he is being illegally detained. We disagree and affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2. On February 8, 2008, Dotson was indicted by an Attala County grand jury for armed robbery. The indictment alleged that Dotson robbed Ella's Country Store at gunpoint, taking

approximately $358. On February 28, 2008, Dotson entered a plea of guilty, which the court accepted. Dotson was then sentenced to serve eighteen years and to pay all court costs and assessments at a rate of $50 per month until paid in full, beginning within thirty days of his release from incarceration.

¶3.     On April 2, 2020, Dotson filed a motion for post-conviction collateral relief in the Attala County Circuit Court. Dotson contends that he is entitled to earned time credit pursuant to section 47-5-138(5). Furthermore, Dotson asserts that the application of the earned credit should cause his sentence to be expired; thus, he argues he is being illegally detained and requests immediate release.

## DISCUSSION

¶4.     Dotson argues that the circuit court erred in denying his motion for post-conviction collateral relief. We disagree. "This Court will reverse a trial court's denial of post-conviction relief only upon a finding that the trial court's decision was clearly erroneous." *Wells v. State*, 936 So. 2d 479, 480 (¶4) (Miss. Ct. App. 2006). Dotson maintains that he should be released on earned time credit pursuant to Mississippi Code Annotated sections 47-5-138, 47-5-138.1 (Rev. 2015), and 47-5-142 (Rev. 2015).

¶5.     Under section 47-5-138.1(2)(d), "[a]n offender in trusty status shall not be eligible for a reduction of sentence under this section if . . . [t]he offender has not served the mandatory time required for parole eligibility, as prescribed under Section 47-7-3, for a conviction of robbery or attempted robbery through the display of a deadly weapon . . . ."

¶6.     Dotson presents an issue that has been addressed previously by this Court. *Neal v.*

2

*MDOC Records Department*, citing *Wells v. State*, highlights the issue surrounding earned time credit for armed robbery, stating:

> [I]n *Wells v. State*, 936 So. 2d 479, 480 (¶5) (Miss. Ct. App. 2006), a unanimous decision directly addressing the question: "Whether a prisoner convicted of armed robbery may accrue earned-time credits." In an opinion by Judge Barnes, we answered:
>
> ["]Section 47-7-3(1)(d)(ii) of the Mississippi Code Annotated (Supp. 2005) states that persons convicted of the crime of armed robbery are not eligible for parole. It reads, in relevant part:
>
>> No person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery, attempted robbery or carjacking through the display of a firearm or drive-by shooting. The provisions of this subparagraph (d)(ii) shall also apply to any person who shall commit robbery, attempted robbery, carjacking or a drive-by shooting on or after October 1, 1994, through the display of a deadly weapon.
>
> Furthermore, sections 47-5-138.1(2)(d) (Rev. 2004) and 47-5-139(1)(e) (Rev. 2004) state that **trusty time and earned time, respectively, are not available to those persons convicted of armed robbery who have not 'served the mandatory time for parole eligibility.'** The language in these statutes reflects that once, prior to the enactment of section 47-7-3(1)(d)(ii), persons convicted of armed robbery could be eligible for parole after serving ten years of their sentence. However, it is clear that such felons are now completely ineligible for parole. As, pursuant to section 47-7-3(1)(d)(ii), ***a person convicted of armed robbery can never be eligible for parole, it follows that he may not accrue trusty or earned time*** pursuant to sections 47-5-138.1(2)(d) and 47-5-139(1)(e), respectively. It would be 'an absurdity' were this Court to hold that a prisoner who is permanently ineligible for parole may be allowed to accrue earned-time credits and therefore receive the benefit of a shortened sentence."

*Neal v. MDOC Recs. Dep't*, 115 So. 3d 894, 895-96 (¶4) (Miss. Ct. App. 2013) (emphasis added) (citing *Wells v. State*, 936 So. 2d 479, 480 (¶5) (Miss. Ct. App. 2006)).

¶7.     Therefore, Dotson is ineligible for earned time credit having pled guilty to armed robbery. We find that the circuit court's decision was not erroneous and affirm its decision.

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**