540 So.2d 41 (1989)
Sherman McGILVERY
v.
STATE of Mississippi.
No. 58279.
Supreme Court of Mississippi.
March 8, 1989.
Thomas E. Schwartz, Gray, Montague & Pittman, Hattiesburg, for appellant.
Mike Moore, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
HAWKINS, Presiding Justice, for the Court:
This case originally came to us on appeal in McGilvery v. State, 497 So.2d 67 (Miss. 1986), in which McGilvery appealed his conviction in the circuit court of Forrest County of armed robbery and sentence to forty-five years. We affirmed his conviction but remanded for the circuit judge to justify by record the reason for the disparity in the sentence given McGilvery and the twenty-five year sentence imposed upon the co-defendant *42 Fitzgerald Tanner. According to McGilvery, Tanner was the trigger man in the robbery.
At McGilvery's re-sentencing, the circuit judge made the following observations:
Let me hasten to say for clarity in this record and for the sake of our Supreme Court, that this Court did not participate in any plea bargain negotiation whatsoever with co-defendant, nor has it ever participated in any plea bargain negotiations nor will it ever do so. When that defendant was before this bench the recommendation was made by the State of Mississippi, as I recall, this Court accepted that recommendation and based upon that sentenced that co-defendant. This Court did not, by any means, seek to be punitive when sentencing the defendant that is now before the court, the same being defendant, McGilvery, the mere fact that he chose to have a trial as opposed to entering a plea. I certainly recognize every citizen's right to have a trial before a jury of his peers and certainly I will protect that right and see to it that anyone that desires a hearing before this Court will be given that opportunity.
* * * * * *
It should be noted in this record, that while I certainly realize and am cognizant of the fact that Youth Court records are not before the Court, except on order of the Court, but I would indicate for clarity in this record that prior to assuming the Circuit bench that I did serve for four years as the County and Youth Court Judge. I have served an additional four years on the Circuit bench and am in the process of serving what would be a second term had those elections been held. During that almost nine year period of time, so that there will be clarity in this record, I will state unequivocally in this record that I, as a trial judge, do have personal knowledge of the prior history of this defendant, McGilvery, and that that was taken into consideration when this sentence was handed down by this Court. That this Court perceives that to be a fair sentence, just as it perceives the recommendation of the State to be fair when they suggested and recommended the sentence of the co-defendant.
And now let me state that while I have the upmost [sic] respect and admiration for our Supreme Court and without casting any aspersions whatsoever against their judgment, I do not feel that this sentence was disproportionate and in light of that fact, I am going to, at this time once again sentence you, Sherman McGilvery, to serve a term of forty-five (45) years in the Mississippi Department of Corrections and I remand you to the custody of the Sheriff to begin implementation of that sentence.
Upon this record we must again remand. The circuit judge should document the criminal record of McGilvery in order that it can be meaningfully reviewed upon appeal, and should also document the criminal record of the co-defendant. The circuit judge is, of course, free to consider all other matters that he determines pertinent in sentencing.
We reiterate it is not our purpose to instruct the able circuit judge as to the appropriate sentence. We do require that the disparity in the sentence between the defendants have documented justification of record.
REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN and BLASS, JJ., concur.
DAN M. LEE, P.J., and ANDERSON, J., dissent.
PITTMAN, J., not participating.
ANDERSON, Justice, dissenting:
I respectfully dissent. This case has now come before us twice on the issue of the disparity between McGilvery's sentence and that of his co-defendant. The majority seeks to conduct a proportionality review and yet does not do so. The trial judge apparently has said and done all that he feels able to say and do. At some point the *43 issue must be finally put to rest. Because we are not prepared to conduct a proportionality review, I would finalize the issue today and affirm.
DAN M. LEE, P.J., joins this dissent.