# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CP-01941-SCT

*JAMES BERNARD LAWSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/05/1998 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/16/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/07/99 |

## BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.

## SMITH, JUSTICE, FOR THE COURT:

¶1. James Bernard Lawson appeals to this Court and challenges the validity of an order of the Hinds County Circuit Court denying Lawson's motion for post-conviction relief. We hold that the trial court lacked jurisdiction of Lawson's case under the successive writ bar of Miss. Code Ann. § 99-39-27-(9) (Supp. 1999). Alternatively, on the merits, after consideration of these issues, we find Lawson's claims lacking of any merit.

### FACTS

¶2. In February 1994, James Lawson was convicted and sentenced to serve 25 years with the Mississippi Department of Corrections for the crime of armed robbery. On May 6, 1998, Lawson filed in the Circuit Court of the Second Judicial District of Hinds County a motion for post-conviction collateral relief. The motion sought to vacate and set aside the 25-year sentence. After a review of the motion, the Circuit Court, Honorable L. Breland Hilburn, Circuit Judge, presiding, denied Lawson's motion. Feeling aggrieved, Lawson appeals and raises the following issues:

**I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE AND SET ASIDE SENTENCE, WHEREIN THE IMPOSITION OF A 25 YEAR**

**SENTENCE IMPOSED UPON THE APPELLANT IN RELATION TO THE SEVERITY OF THE OFFENSE WAS UNCONSTITUTIONALLY EXCESSIVE THEREBY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF THE LAW AND EQUAL PROTECTION CLAUSE OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

**II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE AND SET ASIDE SENTENCE, WHEREIN THE MAXIMUM 25 YEAR SENTENCE IMPOSED UPON APPELLANT COMPARED TO CO-DEFENDANT WALKERS MINIMUM 3 YEAR SENTENCE CREATED DISPARITY IN SENTENCING, THEREBY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION CLAUSE OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

## LEGAL ANALYSIS

¶3. We conclude that Lawson's motion for post conviction relief was barred under Miss. Code Ann. § 99-39-27(9)(Supp. 1999) which provides in pertinent part:

> (9) The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter...

Lawson appealed his conviction and sentence, and on March 25, 1997, the Court of Appeals affirmed the judgment entered below. *Lawson v. State,* 693 So.2d 387 (Miss. Ct. App. 1997)(mem.). On September 2, 1997, Lawson filed in this Court an application for leave to proceed in the trial court with a motion for post conviction relief. The application for leave to proceed in the trial court was denied by this Court on November 19, 1997. After this denial, Lawson then filed a post conviction motion entitled, "Motion to Vacate and Set Aside Sentence" in the Circuit Court of the Second Judicial District of Hinds County. From these facts, the successive writ bar of § 99-39-27(9) barred Lawson's motion in the trial court. *See [Watts v. State](), No. 1998-CP-01082-SCT, 1999 WL 605831, \*1 (Miss. Aug. 12, 1999)*. Therefore, the trial court did not commit error in denying Lawson's motion for post conviction relief and should accordingly be affirmed. Alternatively, in addressing the merits, Lawson's claims lack merit.

**I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE AND SET ASIDE SENTENCE, WHEREIN THE IMPOSITION OF A 25 YEAR SENTENCE IMPOSED UPON THE APPELLANT IN RELATION TO THE SEVERITY OF THE OFFENSE WAS UNCONSTITUTIONALLY EXCESSIVE THEREBY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF THE LAW AND EQUAL PROTECTION CLAUSE OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

¶4. Lawson contends that his role in the crime was merely that of an accessory after the fact since he was not the actual gunman. Nevertheless, argues Lawson, the lower court erred in denying his motion to vacate and set aside his 25 year sentence. Further, Lawson argues that the 25-year sentence was excessive.

¶5. Lawson relies on the case of *State v. Tate*, 506 So.2d 552 (La.Ct.App.1987) for the proposition that a sentence may be excessive either by reason of its length or because the circumstances warrant a less

onerous sentencing alternative. In other words, a sentence may be both within the statutory limits and constitutionally excessive.

¶6. Lawson contends that the statutory maximum penalty for armed robbery is 25 years that which a court may impose although a jury may vote life. Lawson argues that it is apparent that the trial court only considered the punishment phase and neglected to consider other mitigating factors such as appellant's personal history, age, mental status, dependants, family ties, employment record, emotional and physical health, the application of force violence and intimidation perpetrated by the appellant and his potential for rehabilitation.

¶7. Lawson relies on Louisiana cases wherein courts stated that maximum sentences are generally reserved for most serious offenders. Lawson concludes by stating that the 25 year sentence imposed on him wherein he is required to serve 10 years before parole eligibility is nothing more than needless and purposeless and an imposition of pain and suffering denying his due process and equal protection of the law under the sixth and fourteenth amendments.

¶8. Miss. Code Ann. § 97-3-79 (1994) provides:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

¶9. The sentencing authority of the circuit court is provided by Miss. Code Ann. § 97-3-79 (1994), which provides that the penalty upon conviction of armed robbery shall be from (3) years to a maximum of life imprisonment, but only if the latter is fixed by the jury. ***Mitchell v. State,*** 561 So.2d 1037, 1038 (Miss. 1990).

¶10. In the case sub judice, the trial judge found no reason to suspend any of the sentence and sentenced Lawson to serve 25 years. Lawson had a previous conviction of burglary of an occupied dwelling. *See* ***Lawson v. State***, 510 So. 2d 533 (Miss. 1987)(mem.). Further, Lawson was convicted of a misdemeanor for receiving stolen goods. We find that the sentence fell within the statutory guidelines, was not excessive, and did not violate Lawson's sixth and fourteenth amendment rights.

> **II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE AND SET ASIDE SENTENCE, WHEREIN THE MAXIMUM 25 YEAR SENTENCE IMPOSED UPON APPELLANT OPPOSE TO CO-DEFENDANT WALKER'S MINIMUM 3 YEAR SENTENCE CREATED DISPARITY IN SENTENCING, THEREBY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

¶11. Lawson next argues that the trial court displayed bias toward him by imposing a more burdensome penalty and created a disparity between his sentence and that of his co-defendant. Lawson contends that his

sentence tripled that of his co-defendant. Further, Lawson contends that, although co-defendants do not have to be identical, nevertheless, such sentences should be tailored to the particular offense.

¶12. Additionally, Lawson contends that having played a mere role in the offense since he was not the actual gunman, nor did he harm the victim, the 25-year sentence was imposed in a discriminatory manner by the trial court.

¶13. Finally, Lawson argues that to allow the 25-year sentence to stand, would be to sanction unconscionable injustice and to totally disregard the sole purpose of the United States Constitution and its laws.

¶14. Lawson's co-defendant, Walker, pled guilty and was sentenced to 25-years with 22 suspended and 5 years of supervised probation. Lawson was sentenced to 25-years with no suspension of the sentence. The trial judge compared the two defendants in relation to the sentence each received. Walker had no previous convictions, and ultimately his testimony coincided with that of the victim of the crime, which was presented to the jury. As part of his plea bargain agreement, Walker agreed to cooperate with the State. Lawson has a previous conviction for burglary of an occupied dwelling and as well as a conviction of the serious misdemeanor of receiving stolen property along with various other charges. After a comparison, the trial judge found no reason existed for any suspension of Lawson's sentence.

¶15. The judgment of the trial judge was in line with *McGilvery v. State*, 540 So.2d 41, 42 (Miss. 1989). In *McGilvery*, this Court remanded the case requiring that the circuit judge should document the criminal record of McGilvery in order that it can be meaningfully reviewed upon appeal, and should also document the criminal record of the co-defendant. The Court further stated that the circuit judge is free to consider all other matters that he determines pertinent in sentencing.

¶16. Therefore, we find that the actions of the trial court did not violate Lawson's constitutional right.

## CONCLUSION

¶17. In this case, this Court denied Lawson's application to proceed in the trial court with a motion for post conviction relief. Lawson's motion in the trial court was barred by the successive writ bar of Miss. Code Ann. § 99-39-27 (9)(Supp. 1999); and therefore, the trial court lacked jurisdiction to hear the matter. However, in addressing the merits of Lawson's claim, the claim lacks merit. Lawson's constitutional rights were not violated when he received a 25-year sentence, with no suspension, for armed robbery. The judgment of the lower court is affirmed.

¶18. **JUDGMENT AFFIRMED.**

> **PRATHER, C.J., MILLS, WALLER AND COBB, JJ., CONCUR. BANKS, J., CONCURS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN AND PITTMAN, P.JJ, McRAE AND WALLER, JJ.**

> **BANKS, JUSTICE, CONCURRING IN PART:**

¶19. I agree with the result reached by the majority. The trial court lacked jurisdiction. No further discussion is needed.

**SULLIVAN AND PITTMAN, P.JJ., McRAE AND WALLER, JJ., JOIN THIS OPINION.**